JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATLIN SPECIALTY INSURANCE COMPANY, as Subrogee of GreatBanc Trust Company,<br><br>Plaintiff,<br><br>vs.<br><br>FMV OPINIONS, INC.,<br><br>Defendant. | CASE NO. CV 15-1062-R<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

Before the Court is Plaintiff's Motion to Remand, which was filed on July 27, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on August 15, 2015.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.

*Id.* Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*

Federal question jurisdiction is governed by the "well-pleaded complaint rule." Under that principle, subject matter jurisdiction is proper only when a federal question appears on the face of a complaint. *See, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a result, a defendant cannot remove solely "on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue" in the case. *Id.* at 393.

There is a limited exception to this rule. "The Supreme Court has concluded that the preemptive force of some statutes is so strong that they 'completely preempt' an area of state law. In such cases, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

Under the Employee Retirement Income Security Act ("ERISA"), § 520(a) "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (2009) (quoting *Franciscan Skemp Healthcare, Inc., v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008)).

A party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 520(a) of ERISA, or that some other basis exists for federal question jurisdiction. If a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 520(a), that complaint is converted from "an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life*, 481 U.S. at 65. But "if the doctrine of complete preemption does not apply, even if the defendant has a defense of 'conflict preemption' . . . because the plaintiff's claims 'relate to' an ERISA plan, the district court [is] without subject matter jurisdiction." *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998).

1    Section 520(a)(3) of ERISA provides: "A civil action may be brought—by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter."

If state-law causes of action come within the scope of § 520(a)(3), those causes of action are completely preempted, and the only possible cause of action is under § 520(a)(3). In that event, a federal district court has federal question jurisdiction, either original jurisdiction under § 1331(a) or removal jurisdiction under § 1441(a), to decide whether the plaintiff has stated a cause of action under § 502(a)(3). In order to determine whether an asserted state-law cause of action comes within the scope of § 502(a), the Court formulated a two-prong test. Under *Aenta Health Inc. v. Davila*, 542 U.S. 200, 210 (2004), a state-law cause of action is completely preempted if (1) "an individual, at some point in time, could have brought [the] claim under ERISA …," and "where there is no other independent legal duty that is implicated by a defendant's actions." This test "is in the conjunctive" and will only yield complete preemption if both prongs of the test are satisfied. *Marin General Hosp.*, 581 F.3d at 947.

Defendant FMV Opinions, Inc. ("FMV") has not met the requirements for complete preemption for any claims for relief alleged in Plaintiff Catlin Specialty Insurance Company's ("Catlin") Complaint. FMV has not established that Catlin could have brought any of the claims alleged in Catlin's Complaint under ERISA § 502(a).

Plaintiff's Complaint asserts state-law claims for professional negligence, implied contractual indemnity, and equitable indemnity. While such claims may 'relate to' the ERISA plan, they did not derive from it and cannot be said to create ERISA liability. Defendant FMV mistakenly labels its conduct as the "role of a party-in-interest (FMV) in that fiduciary plaintiff's alleged breach of fiduciary duty;" however, the interaction between GreatBanc and FMV, which is the issue in this action, does not implicate any of FMV's duties under ERISA (which are non-existent), but instead FMV's state-law duties owed to Catlin as GreatBanc's subrogee.

It is clear that Catlin's state-law claims do not relate to the ERISA plan. "[S]tate laws of negligence, indemnity, and fraud are 'laws of general application—not specifically targeting

3

1  ERISA plans—that involve traditional areas of state regulation and do not affect 'relations among
2  the principle ERISA entities.'" *Airparts Co., Inc. v. Custom Benefit Servs. of Austin, Inc*., 28 F.3d
3  1062, 1065-66 (1994) (quoting *National Elevator Indus., Inc. v. Calhoon*, 957 F.2d 1555, 1559
4  (10th Cir. 1992)).

     Because Catlin nor GreatBanc could have brought their claims under ERISA, this Court grants Plaintiff's Motion to Remand. The Davila test is read in the conjunctive and since the first prong has not been satisfied, analysis of prong two is not necessary.

     **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Dkt. No. 22) is GRANTED.

Dated: September 22, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE